# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

GREGORY B. MYERS,

    Plaintiff,

v.                                               Civil Action No. 8:18-cv-03460-PX

McNAMEE, HOSEA, JERNIGAN, KIM,
GREENAN, & LYNCH, P.A., *et al.*

    Defendants.

***

## MEMORANDUM OPINION

Pending before the Court is Plaintiff Gregory B. Myers' motion for rehearing. ECF No. 29. The Court finds that no hearing is necessary. *See* Loc. R. 105.6. For the reasons that follow, Myers' motion is denied.

### I. Background

The Court has recently reviewed in depth Myers' history of litigation in this Court and will not do so again here. *See* ECF No. 27; *Myers v. McNamee, Hosea, Jernigan, Kim, Greenan, & Lynch, P.A.*, No. 8:19-cv-00636, 2020 WL 758154 (D. Md. Feb. 13, 2020); *Myers v. United States Trustee*, No. 8:19-cv-00637, 2020 WL 758157 (D. Md. Feb. 13, 2020). Suffice it to say that on February 14, 2020, this Court dismissed this suit on several grounds. ECF No. 27 at 12–19. Myers now moves the Court for "rehearing" pursuant to Federal Rule of Civil Procedure 59(e). The Court construes this request as one for reconsideration and, for the following reasons, denies the motion.

### II. Standard of Review

Courts recognize three limited grounds for granting a motion to alter or amend a judgment pursuant to Federal Rule of Civil Procedure 59(e): (1) to accommodate an intervening

change in controlling law, (2) to account for new evidence not previously available, or (3) to correct clear error of law or prevent manifest injustice. *See United States ex rel. Becker v. Westinghouse Savannah River Co.*, 305 F.3d 284, 290 (4th Cir. 2002) (citing *Pac. Ins. Co. v. Am. Nat'l Fire Ins. Co.*, 148 F.3d 396, 403 (4th Cir. 1998)), *cert. denied*, 538 U.S. 1012 (2003). A Rule 59(e) motion "may not be used to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment." *Pac. Ins. Co.*, 148 F.3d at 403 (quoting 11 Wright, *et al.*, Fed. Prac. & Proc. § 2810.1, at 127–28 (2d ed. 1995)). "In general, 'reconsideration of a judgment after its entry is an extraordinary remedy which should be used sparingly.'" *Id.* (quoting Wright, *et al.*, *supra*, § 2810.1, at 124).

Because Myers is proceeding pro se, the Court construes his pleadings liberally to ensure that potentially meritorious claims survive challenge. *See Hughes v. Rowe*, 449 U.S. 5, 9 (1980). However, the Court cannot ignore a pro se plaintiff's clear failure to allege facts setting forth a cognizable claim. *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990) ("The 'special judicial solicitude' with which a district court should view such pro se complaints does not transform the court into an advocate. Only those questions which are squarely presented to a court may properly be addressed." (quoting *Beaudett v. City of Hampton*, 775 F.2d 1274, 1277 (4th Cir. 1985))).

### III. Analysis

In his motion, Myers contends that the Court stated, erroneously that:

- "the 'Trustee (i.e., Roger Schlossberg) . . . moved to convert Myers' Chapter 11 petition to a Chapter 7 proceeding," when in fact it was "the United States Trustee for Region Four";
- the Bankruptcy Court converted Myers case to a Chapter 7 proceeding "at least in part because Myers had failed to disclose assets that would have bene to the payment of

2

Myers' creditors," whereas the Bankruptcy Court has never so ruled; and

- that Barbara Ann Kelly, Myers' wife, was a party to Myers' Bankruptcy proceeding.

*See* ECF No. 29 at 1–2.

None of the claimed errors at all affect the Court's determination. *See* ECF No. 27 at 12–19. Indeed, Myers makes no argument to the contrary. ECF No. 29. The Court therefore cannot find that Myers has met the high standard of reconsideration and denies Myers' motion. *Pac. Ins. Co.*, 148 F.3d at 403.

## IV. Conclusion

For the foregoing reasons, Myers' motion for rehearing is denied. A separate Order follows.

 3/5/2020                          /s/
Date                                 Paula Xinis
                                    United States District Judge